*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ROY, Minors.

UNPUBLISHED
May 25, 2023

No.  364160
Wayne Circuit Court
Family Division
LC No.  2022-000382-NA

Before:  LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to the minor children, JR and MR, under MCL 712A.19b(3)(h).  For the reasons set forth in this opinion, we vacate the trial court's termination of respondent's parent rights.

## I.  BACKGROUND

JR and MR were both born in Michigan.  Respondent and mother lived together with the children, but eventually then moved in mother, then respondent.

Respondent was arrested while living in Florida, where he had been living with JR.  He has been incarcerated since September 2019 and is serving a prison sentence in the federal system. After his incarceration, JR moved back to live with his mother and MR in Michigan.  Respondent's release date from prison is March 11, 2029, but he testified that he had earned time by completing certain programs while in prison to bring his release date to January 2025, which required that he stay out of trouble and not gain any infractions while in prison.

Mother died on January 14, 2022.  Respondent later called his sister, and asked if she would take both JR and MR into her care, and his sister agreed.  Estelita Horton, an employee with petitioner, the Department of Health and Human Services (DHHS), in its Children's Protective Services (CPS) division, spoke with respondent on March 3, 2022.  Respondent indicated to Horton that his sister could take care of the children.

-1-

On October 4, 2022, the referee held a combined adjudication, statutory-ground, and best-interest hearing.[1] Horton acknowledged that respondent continued to have contact with the children after being incarcerated. They would talk "all the time" on the phone and the children had also visited respondent in prison. In response to being asked if termination of respondent's parental rights was in the children's best interests, Horton replied, "Yes." She did not explain her answer at the time, but presumably relied on her views that the children needed permanency, that respondent could not provide proper care and custody while in prison, and that the children's caregiver, respondent's sister, did not have legal authority to provide proper care and custody either. Horton admitted that she never asked the children about their preferences regarding whether respondent's rights should be terminated. Horton agreed that respondent was "instrumental" in making sure the children were cared for.

Emily James, the foster-care worker assigned to the case, testified that both children have a strong bond with respondent, as evidenced by their frequent communications. James also did not ask the children if they desired that respondent's rights be terminated. James did not think that ceasing all contact between the children and respondent was in the children's best interests.

Respondent testified that although he had provided financial support for the children before his incarceration,[2] since then, he has not been able to do so. Respondent also stated that since his incarceration, he "absolutely" has maintained contact with the children, with one to three calls taking place each week. Respondent noted that no one from DHHS ever spoke to him about signing a power of attorney. Indeed, after he was declared the legal father, no options were discussed except for termination of his parental rights.

During closing argument, although the petition cited multiple grounds for termination, petitioner's attorney only relied on MCL 712A.19b(3)(h). Respondent's attorney, while citing *In re Mason*, 486 Mich 142; 782 NW2d 747 (2010), and *In re Baham*, 331 Mich App 737; 954 NW2d 529 (2020), argued that the evidence failed to meet the requirements of MCL 712A.19b(3)(h). In particular, he argued that respondent provided care for his children by placing them with his sister. Respondent's attorney also argued that with the strong bond between the children and respondent, termination was not in the children's best interests.

The court ruled that it had jurisdiction under MCL 712A.2(b). The trial court also dismissed any reliance on either *Mason* or *Baham*, finding instead that § 19b(3)(h) had been proven by clear and convincing evidence. The trial court also found that termination of respondent's parental rights was in the children's best interests, and terminated respondent's parental rights.

---

[1] Although petitioner and respondent jointly requested that the best-interest portion be bifurcated from the rest of the proceedings, the referee declined to do so.

[2] Indeed, according to respondent, he was the sole source of financial support for the children because their mother did not work and did not receive any other types of benefits.

Eight days prior to oral argument in this matter, DHHS submitted a motion for peremptory reversal in this matter alleging, in part, that the error by the trial court was so manifest that this Court need not consider oral argument or issue an opinion in the matter. This Court denied relief for the reasons set forth in the order.[3]

## II. ANALYSIS

All parties to the matter have requested this Court grant respondent relief because the trial court clearly erred by finding that clear and convincing evidence supported termination of his parental rights under MCL 712A.19b(3)(h).[4] We agree, and accordingly we reverse and remand for further proceedings.

This Court reviews a trial court's finding whether a statutory ground for termination has been proven by clear and convincing evidence for clear error. *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake was made. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

A trial court must terminate a parent's parental rights if it finds that a statutory ground under MCL 712A.19b(3) has been established by clear and convincing evidence and that termination is in the child's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court terminated respondent's parental rights under MCL 712A.19b(3)(h), which allows termination of parental rights under the following circumstances:

> The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

Our Supreme Court in *In re Mason* held that termination under this ground is allowed only if three conditions are met: (1) "the child will be deprived of a normal home for a period exceeding 2 years," (2) "the parent has not provided for the child's proper care and custody," and (3) "there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." *In re Mason*, 486 Mich at 160-161[5]; see also *In re Baham*, 331 Mich App at 753-754.

---

[3] *In re* Roy, Minors, unpublished order of the Court of Appeals, entered April 27, 2023 (Docket No. 364160).

[4] The lawyer-guardian ad litem (LGAL) for the children also argues that this statutory ground was not established.

[5] The record reveals that the referee was not familiar with our Supreme Court's holding in *Mason* or this Court's holding in *Baham* which may have led the court to have either completely ignored or misinterpreted respondent's counsel's argument regarding the applicability of *In re Mason*.

Even conceding the first requirement, there was insufficient evidence on which the trial court could find that the second and third requirements of § 19b(3)(h) were met. As our Supreme Court has held, parents who are incarcerated nonetheless can provide proper care and custody because such care need not be *personally* made by the parent. *In re Mason*, 486 Mich at 161. The Court went on to note that "Michigan traditionally permits a parent to achieve proper care and custody through placement with a relative." *Id.* at 161 n 11. In this case, the record clearly shows that after the mother's death, respondent contacted his sister about taking care of the children and worked with DHHS to ensure that placement was made. Further, Horton admitted at trial that respondent was "instrumental" in making sure the children were cared for. These facts are strikingly similar to the facts in *In re Baham*. In *In re Baham*, this Court reversed an order terminating the respondent's parental rights because the respondent, who was incarcerated, "worked together" with DHHS "to place [the child] with [the] respondent's brother." *In re Baham*, 331 Mich App at 754. It did not matter that the child was placed with DHHS before the respondent could voluntarily place the child with her brother. *Id.* Here, respondent actually contacted his sister prior to being contacted by DHHS and continued to work with DHHS to place the children with his sister.

Further, the record reveals that the trial court made additional erroneous rulings in this matter. For example, the trial court found: "Father stated that he has provided no financial support for these children other than when he received welfare in Florida to provide for one of the children." This finding is not accurate. The trial court further found: "He [respondent]could not even enroll the child into school because he was not the legal father." Again, this finding is not accurate. Rather, the record reveals that respondent worked for or possibly owned a cleaning service for six years in Florida and was the only one financially supporting the children before his incarceration because, while he worked, the mother did not work and did not collect any benefits. Respondent also said that he *did* enroll JR in school in Florida when the mother and MR were

---

Respondent's counsel had argued that *In re Mason*, as well as *In re Baham*, establishes that three criteria must be satisfied to terminate under § 19b(3)(h), but the trial court, when addressing the argument, stated in its opinion:

> Father and his counsel claim that the court has no jurisdiction because father is incarcerated and cites [*In re Mason*] as legal authority. However, *Mason*, *supra* does not support that contention. Father was present at all hearings via zoom technology and fully participated in the trial.

The court's pronouncement is perplexing because respondent's counsel never contended that the court lacked jurisdiction. He explicitly stated during closing argument that "I'm not, at this point, making and [sic] argument in regard to jurisdiction, ah you know, I leave the proofs as they are for the Court to make a determination as to the temporary jurisdiction." And later when summarizing his argument, counsel stated, "Those are the . . . legal analysis provided by Mason and provided by Baham for the Court to determine whether there's a basis under Section (h) to terminate his rights and the -- the petitioner has not met that goal. Has not met that burden of proof of clear and convincing evidence based on that legal fram -- frame framework."

living elsewhere and JR was living with him in Florida. Respondent implied that having JR's birth certificate and social security card was all that was needed to enroll him.

Given that all parties have agreed that the trial court clearly erred in this matter, it is unnecessary for us to discuss additional errors. Suffice to conclude by stating that here, we are left with a definite and firm conviction that the trial court clearly erred when it found that § 19b(3)(h) was proven by clear and convincing evidence. Therefore, we vacate the order terminating respondent's parental rights

Reversed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michael J. Riordan